UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE MASSEY,

                      Plaintiff,

               -against-

JEAN GRANDOIT, ET AL.,

                      Defendants.

20-CV-8690 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*, asserting claims for deliberate indifference to his serious medical needs as a pretrial detainee at the Manhattan Detention Complex.[1] By order dated December 4, 2020, the Court granted Plaintiff leave to amend his complaint within sixty days to cure its deficiencies. Plaintiff did not file an amended complaint, and by order and judgment entered February 9, 2021, the Court dismissed this action.

    On March 18, 2021, Plaintiff filed a notice of appeal. This matter is now before the Court on Plaintiff's motion for an extension of time to appeal. (ECF No. 8.) For the following reasons, the Court grants Plaintiff's motion for an extension of time to appeal.

---

[1] Plaintiff has other recent or pending suits, in some of which he also alleges that he was denied constitutionally adequate medical care. *See, e.g.*, *Massey v. Smart*, ECF 1:20-CV-09719, 2 (AJN) (S.D.N.Y.); *Massey v. Hernandez*, ECF 1:20-CV-8633, 2 (GHW) (S.D.N.Y.); *Massey v. Health & Hosps. Corp.*, ECF 1:20-CV-8828, 2 (ALC) (S.D.N.Y.); *Massey v. Bolanos*, ECF 1:20-CV-8592, 2 (LGS) (S.D.N.Y.); *Massey v. Holder*, ECF 1:20-CV-8067, 2 (RA) (OTW) (S.D.N.Y.); *Massey v. Michele*, ECF 1:20-CV-07621, 2 (AT) (KNF) (S.D.N.Y.); *Massey v. City of New York*, ECF 1:20-CV-07617, 2 (ALC) (S.D.N.Y.); *Massey v. City of New York*, ECF 1:20-CV-5665, 2 (GBD) (DCF) (S.D.N.Y.); *Massey v. Sapp*, ECF 1:19-CV-11902, 35 (GBD) (KNF) (S.D.N.Y.); *Massey v. Morgan*, ECF 1:18-CV-3994, 2 (ALC) (KHP) (S.D.N.Y.).

## DISCUSSION

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if the motion is filed within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Plaintiff's motion for an extension of time to appeal is dated March 5, 2021, and the Court assumes that it was given to prison officials for mailing on the same day. Judgment was entered on February 9, 2021, and the motion was therefore filed within thirty days of expiration of the 30-day period to appeal. Plaintiff also shows good cause for untimely filing. He states, among other things, that a fire destroyed his paperwork. For good cause shown, the Court grants Plaintiff's motion for an extension of time to appeal.

In a letter to the Court filed after entry of judgment, but before the notice of appeal, Plaintiff requests appointment of counsel. He states that he has filed "countless grievances and complaints," has made "countless" calls to 311 and 911, and has more than ten active cases in this Court. Plaintiff states that his mental health issues are making it difficult to litigate these matters. Because this matter is no longer pending in this Court, there is no basis for the Court to seek volunteer *pro bono* counsel for this action, and the Court therefore denies the motion for appointment of counsel.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff's motion for an extension of time to appeal (ECF No. 8) but denies his request for *pro bono* counsel.

SO ORDERED.

Dated:   April 9, 2021
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.